## Morris v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Christian Circuit Court.

1. Intoxicating Liquors—Allegation in Warrant of Unlawfulness Unnecessary Where Facts Make Out Unlawful Possession.—Omission of the word "unlawfully" from a warrant for unlawful possession of intoxicating liquor was not fatal where the warrant fixed the time, place, amount and kind of whiskey possessed, and added the words "and not for sacramental, scientific, mechanical or medicinal purposes."

2. Intoxicating Liquors—Evidence Sufficient to Support Finding of Unlawful Possession.—Evidence that accused, when approached, threw a bottle over a fence and a search was made and a bottle of whiskey was found, held sufficient to sustain a conviction for unlawful possession.

O. H. ANDERSON for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of the unlawful possession of intoxicating liquor and his punishment fixed at a fine of $100.00 and thirty days' imprisonment in the county jail.

The first ground urged for reversal is that the warrant of arrest was insufficient. The material part of the warrant is as follows:

"It appearing from information given on oath by W. D. Hawkins, that there are reasonable grounds for believing that A. E. Morris has committed the offense of 'unlawfully' having possession of intoxicating liquor and not for sacramental, scientific, mechanical or medicinal purposes, in the city of Hopkinsville, state of Kentucky, in the manner and form following: Heretofore, to-wit: On the 5th day of June, 1922, in the city and state aforesaid, the said A. E. Morris did then and there have in his possession one quantity of intoxicating liquor, to-wit, one half pint of white corn whiskey, and not for sacramental, scientific, mechanical or medicinal purposes, contrary to the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

The particular complaint of the warrant is that in describing the offense it did not use the word "unlawfully."

We do not regard the omission as fatal to the validity of the warrant. The warrant not only fixes the time and place, but specifies the amount and kind of whiskey possessed, and then adds the words, "and not for sacramental, scientific, mechanical or medicinal purposes." In other words, the use of the word "unlawfully," would have added nothing to the force of the warrant, for the facts alleged make out a clear case of unlawful possession.

Another contention is that the verdict is not supported by the evidence. It appears that W. T. Hawkins, lieutenant of police in the city of Hopkinsville, had a warrant for the arrest of appellant for a breach of the peace. On June 5, 1922, appellant's car broke down in Mean's lane, a public highway in the city of Hopkinsville. Hawkins, accompanied by Messrs. Litchfield and Cobb, went to the place of the accident for the purpose of effecting appellant's arrest. Hawkins says that when they arrested appellant he saw appellant jerk a bottle out of his pocket and throw it over the fence. He (witness) grabbed at it, but did not get it. He then told Litchfield to go over the fence and get the bottle. After Litchfield got over into the field and began looking for the bottle, he got out too far. Whereupon he told Litchfield to come back towards the fence and to the right. Litchfield found the bottle and brought it back. It was a half-pint bottle, half full of corn whiskey. He could not say that the bottle which Litchfield brought back was the same bottle that appellant threw over the fence. The bottle was about thirty feet from the fence and some other person might have thrown it there. According to Litchfield, he was the first man to the car and began pulling appellant out of the car when Hawkins and Cobb came up. He did not see appellant pull anything out of his pocket. Mr. Hawkins directed him to go into the field adjoining the road and search for the bottle. After searching at the point where he was directed to search by Mr. Hawkins, he found the bottle and carried it to the police headquarters. Though he did not see appellant take anything out of his pocket, he might not have been looking at him at the time, although he was standing right by him. He guessed that any passer-by could have thrown the bottle from the road. Cobb testified that he did not see appellant throw anything over the fence, but saw him make a motion as if to throw. Appellant stated that he did not have any whiskey with him on the occasion in question and did not

throw the bottle of whiskey over into the field. He further stated that Litchfield searched him and took a pistol off his person, and that he did not know to whom the bottle belonged or how it happened to be in the field. On being recalled, Litchfield stated that he searched appellant and found a pistol on his person. However, he only searched both hip pockets and did not know what appellant had in his other pockets.

It is argued that it was practically impossible for appellant to have thrown the bottle over the fence without its being seen by Leitchfield and Cobb, who were standing right by him, and as the bottle was not identified as belonging to him, but might have been thrown into the field by any passer-by, the case is one calling for a mere guess on the part of the jury. It must not be overlooked that persons driving along public roads are not in the habit of throwing bottles of whiskey into adjoining fields. The bottle appeared to be clean on the outside, and there was nothing to indicate that it had been lying in the field for any length of time. There is no uncertainty in Hawkins' testimony. He says that he saw appellant throw the bottle over the fence. He then directed Litchfield where to search for it. Litchfield did search for it and found it at the place where he was directed to search. Not only so, but Cobb, though admitting that he did not see appellant with anything in his hand, says that he saw appellant make a motion as if to throw. If the members of the jury believed Hawkins, as they had a right to do, their conclusion that the bottle found in the field was the one thrown by appellant was but a reasonable and fair deduction from all the circumstances laid before them, and it cannot be said that their finding is flagrantly against the evidence.

Judgment affirmed.